UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED R. SOSA, | No. C 08-717 MHP (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| R. HOREL, warden, | |
| Respondent. | |

## INTRODUCTION

Alfred R. Sosa, an inmate at Pelican Bay State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Sosa states in his petition that he was convicted in Sacramento County Superior Court of first degree murder, being a felon in possession of a weapon, and conspiracy to commit murder, and was sentenced in 1982 to 7 years to life in prison. His petition does not challenge his conviction but instead challenges an April 6, 2006 decision by the Board of Parole Hearings ("BPH") that denied him another parole hearing for five years. He does not assert any challenge other than the challenge to the 5-year denial. Sosa alleges that he filed habeas petitions in state courts, including the California Supreme Court, before filing this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Sosa challenges the decision of the BPH that he would not have another parole hearing for five years. Liberally construed, the petition, as clarified by the supplement, alleges that the 5-year denial was improper because the law in place at the time he committed the crimes (allegedly before July 1, 1977) allowed for annual parole consideration for those convicted of murder. Although Sosa does not identify the constitutional basis of his challenge, the petition appears to assert an ex post facto claim, as the gravamen of Sosa's claims is the improper retroactive application of new laws to his case.

When Sosa murdered his victim allegedly before July 1, 1977, California law provided for annual review of the prisoner's parole eligibility. The law was amended in 1981 to eliminate mandatory annual review. The U.S. Supreme Court held that the amendment did not violate the Ex Post Facto Clause. See California Dep't of Corrections v. Morales, 514 U.S. 499, 514 (1995). The Court found that the amendment "had no effect on the standards for fixing a prisoner's initial date of 'eligibility' for parole" or for "determining his 'suitability' for parole" and setting his release date; rather, the amendment merely relieved the BPT from the costly and time-consuming responsibility of scheduling annual hearings for prisoners who had no reasonable chance of being released. Id. at 507. Simply altering "'the method to be followed' in fixing a parole release date under identical substantive standards," the Court

2

1  reasoned, was not enough to violate the Ex Post Facto Clause. Id. at 507-08 (citations
2  omitted). Extending the period from one to three years between parole hearings for prisoners
3  convicted of more than one murder who committed their crimes before the law was amended
4  did not violate the Ex Post Facto Clause because it "create[d] only the most speculative and
5  attenuated possibility of producing the prohibited effect of increasing the measure of
6  punishment for the covered crimes." Id. at 509.

7  Although Morales considered only the 1981 amendment which permitted the longer
8  period between hearings only for those convicted of multiple killings, California amended
9  the law again in 1982 to permit the longer period for other killers. The second change in the
10 law does not change the result of the ex post facto analysis. The 1982 amendment, like the
11 1981 amendment, had no effect on the formal range of prison terms available for the covered
12 crimes and merely altered the method to be followed under identical substantive standards.

13 California Penal Code § 3041.5(b)(2)(B) now permits up to a five-year interval
14 between parole hearings if the prisoner has been convicted of murder "and the board finds
15 that it is not reasonable to expect that parole would be granted at a hearing during the
16 following years and states the bases for the finding in writing." Here, Sosa's challenge is
17 limited to whether the newer version of the statute could be applied to him, and does not
18 dispute that, if it can be, he fit the criteria for its application.

19 There has been a change in the law, but there is no more than a speculative and
20 attenuated possibility that Sosa's punishment will be increased by the five-year delay
21 between his parole consideration hearings permitted under the amended law. See Morales,
22 514 U.S. at 509; Johnson v. Gomez, 92 F.3d 964, 967-68 (9th Cir. 1996) (change in ultimate
23 parole decision-maker did not violate Ex Post Facto Clause where prisoner could only
24 speculate that he would have been released under former version of the law), cert. denied,
25 520 U.S. 1242 (1997). The change in the law thus did not violate the Ex Post Facto Clause.
26 The petition does not state a claim for a violation of a constitutional right.

27
28

**CONCLUSION**

For the foregoing reasons, the petition is dismissed for failure to state a claim upon which relief may be granted. The motion for leave to proceed <u>in forma pauperis</u> is DENIED as unnecessary because Sosa has paid the filing fee. (Docket # 6.) The clerk shall close the file.

IT IS SO ORDERED.

DATED: July 14, 2008

Marilyn Hall Patel
United States District Judge

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALFRED R SOSA,

          Plaintiff,

  v.

R HOREL et al,

          Defendant.

Case Number: CV08-00717 MHP

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 16, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alfred R. Sosa C-44192
Pelican Bay State Prison
D-4-101
P.O. Box 7500
Crescent City, CA 95531

Dated: July 16, 2008

          Richard W. Wieking, Clerk
          By: Anthony Bowser, Deputy Clerk